IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Saúl René Rodríguez Suárez<br><br>    Plaintiff<br><br>    vs.<br><br>Coral by the Sea Hotel Corp., John Doe;<br>Company A; Insurance Company<br>B; Insurance Company C;<br>Insurance Company D<br><br>    Defendants | Civil No.<br><br><br>Personal Injury<br><br><br>Plaintiff Demands Trial by Jury |

# COMPLAINT

**TO THE HONORABLE COURT:**

**NOW COMES** plaintiff, Saúl René Rodríguez Suárez, through the undersigned attorney, and very respectfully, states, alleges and prays:

## I.   JURISDICTIONAL PLEADINGS

1. This Honorable Court has jurisdiction pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1367(a) over state law claims under Articles 1802 and 1803 of the Civil Code of Puerto Rico. The matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and arises between citizens of different states, so complete diversity of citizenship exists between plaintiffs and defendants.

2. At all times herein material plaintiff Saúl René Rodríguez Suárez (hereinafter referred to as "plaintiff") is a citizen of the State of Florida, where he resides and is domiciled.

1

3. At all times herein material co-defendants are persons domiciled in or with their main place of business in the Commonwealth of Puerto Rico and organized and operated pursuant to the laws of the Commonwealth of Puerto Rico. In the alternative, these corporations or persons are incorporated, domiciled or have their principal place of business in a state other than Florida.

4. Venue is proper in the U.S. District Court for the District of Puerto Rico because it is where a substantial part of the events or omissions giving rise to the claim occurred, 28 U.S.C. § 1391(a).

## II.   PARTIES

5. Plaintiff Saúl René Rodríguez Suárez is of legal age, single and, at the time of the filing of this complaint, a citizen of, and domiciled in, the State of Florida, United States of America.

6. Co-defendant Coral by the Sea Hotel Corp., (hereinafter referred to as "Coral by the Sea") is a corporation organized under the laws of, authorized to do business and with its principal place of business in the Commonwealth of Puerto Rico, that manages, operates and owns the Coral by the Sea Hotel located in Isla Verde, Carolina, Puerto Rico.

7. In the alternative, co-defendant John Doe is a person, whose name is unknown at the present time, that manages, operates and owns the Coral by the Sea Hotel located in Isla Verde, Carolina, Puerto Rico, or who otherwise is responsible for the damages suffered by plaintiffs, and is domiciled, organized or has its principal place of business in the Commonwealth of Puerto Rico, or in a place other than the State of Florida.

8. In the alternative, co-defendant Company A is a person, whose name is unknown at the present time, that manages, operates and owns the Coral by the Sea Hotel located in Isla Verde, Carolina, Puerto Rico, or who otherwise is responsible for the damages suffered by plaintiffs, and is domiciled, organized or has its principal place of business in the Commonwealth of Puerto Rico, or in a place other than the State of Florida.

9. Co-defendants Insurance Company B, C and D are insurance companies whose names are unknown at the present time that are organized under the laws of, or are authorized to do business in, or have their principal place of business in, the Commonwealth of Puerto Rico, or in a place other than the State of Florida. At the time that the facts alleged herein took place, Insurance Company B, C and D had issued public liability policies that were in full force and effect to protect and indemnify plaintiff, among others, for damages caused by its insureds Coral by the Sea and/or John Doe and/or Company A.

### III.   FACTS

10. Plaintiff is a disabled person who is paralyzed from the waist down (paraplegic). As a result, he uses a wheelchair to move about.

11. On May 26, 2020 plaintiff visited the Coral by the Sea Hotel located in Isla Verde, Carolina, to eat at the hotel's restaurant.

12. As a means of access and egress, the Coral by the Sea Hotel has a staircase and a wheelchair ramp. The wheelchair ramp is located to the south of the building and enters the hotel through a Piu Bello ice cream shop and the restaurant.

13. The ramp does not comply with the rules and regulations inasmuch as it's slope is steeper than is allowed, lacks handrails at one of its sides, does not comply with width requirements, as well as other violations.

14. The wheelchair ramp's measurements are, approximately, 21 inches of rise, 83 inches of horizontal projection (run), and 87 inches of ramp surface, which makes it, by all standards, a non-compliant wheelchair ramp, including the Americans with Disabilities Act requirements for such ramps.

15. On May 26, 2020, while Saul was exiting the hotel, he was forced to use the hotel's non-compliant wheelchair ramp.

16. As he was going down the ramp, due to the steep grade of the ramp, his wheelchair went down the ramp much faster than he was used to.

17. Due to the steep grade of the ramp, Saúl's wheelchair lost control and crashed to the bottom of the ramp.

18. Saúl could not effectively use the handrails as a means to try to avert the fall as the ramp lacks a handrail on one of its sides.

19. Saúl's body was thrown off the wheelchair, hitting the cement ground violently, causing immediate pain and suffering and the damages hereinafter alleged.

20. Saúl's fall was caused due to a negligently designed, constructed and/or maintained wheelchair ramp which has a steeper grade than that allowed by the rules and regulations, lacks handrails at one of its sides and is narrower than required, which are violations of applicable rules and regulations, including the Americans with Disabilities Act.

21. When Saúl fell, he forcefully and violently hit the floor and suffered physical damages to his back and upper body.

22. Upon reaching his home in Florida, he underwent medical treatment, including physical therapy sessions. Notwithstanding the treatment received, Saúl still has pain and limited range of motion which affect most, if not all, of his daily activities.

23. His condition has worsened over time and he has been advised that he needs more treatment.

24. Due to the injuries sustained as a consequence of the fall, plaintiff's daily activities have been affected and forever altered. Plaintiff's back hurts on a daily basis. His range of motion has decreased, and he is permanently impaired.

25. Plaintiff has a permanent impairment and/or disability of his body, including his back. He is forced to take medication every day to deal with the strong pain he feels. He also feels depressed as a result of his state of health and limited daily life due to the incident alleged herein.

26. The severe injuries, which are permanent in nature, have caused, and/or contributed to cause, severe pain and suffering, distress, despair, loss of enjoyment of life, discomfort, disability and mental and moral anguish, all of which are continuing now and will continue permanently in the future.

27. Plaintiff's fall was caused by defendants' deliberate disregard of known harm or serious risks of harm to persons using the ramp, as well as the negligent operation and maintenance of the area by the defendants, thereby permitting the existence of the dangerous condition, which was known by defendants or, in the

exercise of reasonable and diligent care, should have been known to them. The wheelchair ramp and area where the fall occurred has a steeper grade than the maximum allowed by law, lacks handrails at one of its sides, and is narrower than allowed, all in violation of the American with Disabilities Act, the applicable building codes or other applicable rules and regulations, as well as in violation of common negligence standards.

## IV.   NEGLIGENCE

28. The above alleged incident occurred by the deliberate and willful violation of the law, and the exclusive fault or negligence of co-defendant Coral by the Sea, and/or John Doe, and/or Company A, who, as the owner, manager, and operator of the premises had under its exclusive care, custody and control the area where the incident occurred, and created and/or allowed the creation of a dangerous condition; and/or constructed or built or maintained a wheelchair ramp that has a steeper grade than the maximum allowed by law, lacks handrails at one of its sides, and is narrower than allowed; and/or failed to take preventive maintenance measures to prevent the dangerous condition; and/or failed to monitor the area to correct dangerous conditions such as the one that caused plaintiff's fall.

29. Furthermore, co-defendants Coral by the Sea, and/or John Doe, and/or Company A knew, or should have known, of the dangerous condition created by the steeper grade than the maximum allowed by law, the lack of handrails at one of its sides, and its narrower than allowed condition, and failed to correct the violation of the law that turned the ramp into a dangerous conditions, and/or to place warning

signs and other simple and cost-effective measures to protect persons from such dangerous condition.

30. Insurance Company B, C and D had issued insurance policies to co-defendants Coral by the Sea and/or John Doe and/or Company A to cover liability for personal injuries and damages suffered by third parties arising from the occurrence of incidents like the one alleged in this complaint. Pursuant to said insurance policies coverage, co-defendants Insurance Company B, C and D are liable for any amount of compensation granted to plaintiffs.

## V.   DAMAGES

31. The physical pain and damages suffered by plaintiff are a direct consequence of the negligence of co-defendant Coral by the Sea, and/or John Doe, and/or Company A. They are reasonably calculated at this time to be in excess of $250,000.00.

32. The mental pain and anguish suffered by plaintiff are a direct consequence of the negligence of co-defendants Coral by the Sea, and/or John Doe, and/or Company A. They are reasonably calculated at this time to be in excess of $250,000.00.

33. Due to the negligence of the defendants, plaintiff has incurred in medical expenses which are reasonably calculated at this time to be in excess of $1,000.00, and which will increase as medical treatment continues.

34. All of the above-named defendants are severally and jointly liable to plaintiff for all damages alleged in this complaint.

## VI.     TRIAL BY JURY

35.     Plaintiff demands trial by jury regarding all issues of material fact in the instant case.

**WHEREFORE**, it is very respectfully requested from this Honorable Court to enter judgment in favor of the plaintiff and against the defendants, severally and jointly, in the amount above requested plus interest, costs and attorneys' fees.

**RESPECTFULLY SUBMITTED.**

In Caguas, Puerto Rico, this 25th day of May, 2021.

Velázquez Velázquez
Law Offices, PSC

PO Box 734
Caguas, PR 00726-0734
Tel. (787) 744-7272
Fax (787) 744-7277
Email: rvv@vvlo.com

s/ Rafael J. Velázquez Villares
Rafael J. Velázquez Villares
USDC 214302

552