**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

SAÚL RENÉ RODRÍGUEZ-SUÁREZ,

   **Plaintiff**

      v.

CORAL BY THE SEA HOTEL CORP.,
et al.,

   **Defendants**

CIVIL NO. 21-1240 (RAM)

<u>**MEMORANDUM AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

      Pending before the Court is codefendant Coral by the Sea Hotel Corp.'s ("Defendant") *Motion for Summary Judgment* ("MSJ"). (Docket No. 29). Defendant contends, *inter alia*, that this case must be dismissed with prejudice because the Court lacks subject matter jurisdiction as "it is legally certain that Plaintiff's damages claims do not justify an award exceeding $75,000.00." <u>Id.</u> at 13. In response, Plaintiff openly admits that he "cannot meet his burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." (Docket No. 35 at 18). However, Plaintiff requests the Court dismiss this case *without* prejudice, as is standard when dismissing a case for lack of subject matter jurisdiction. <u>Id.</u> at 19 (citing <u>Torres-Fuentes v. Motorambar,</u> <u>Inc.</u>, 396 F.3d 474, 475 (1st Cir. 2005)).

Federal courts "have a responsibility to police the border of federal jurisdiction." Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001) (citation omitted). This includes determining whether a party has met the amount-in-controversy minimum. As the First Circuit has explained:

> A plaintiff's general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court. However, once the opposing party has questioned the amount, the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount. This burden may be met by amending pleadings or submitting affidavits.

Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41-42 (1st Cir. 2012) (internal quotation marks and citations omitted). Thus, when the party invoking the court's jurisdiction is put on notice by a defendant's motion that they need to show some basis for the amount of damages they claim, failure to do so results in proper dismissal by a district court. Id. at 42 (citing Diefenthal v. Civil Aeronautics Bd., 681 F.2d 1039, 1053 (5th Cir. 1982)).

Here, Plaintiff went beyond merely failing to substantiate his damages claim – he admitted he cannot meet his burden. Thus, the Court must dismiss the case. "[A] dismissal for lack of subject matter jurisdiction normally operates without prejudice . . . since a want of jurisdiction deprives a court of the authority to enter

Civil No. 21-1240 (RAM)                                                    3

a judgment on the merits of the claims sub judice." <u>Hochendoner v. Genzyme Corp.,</u> 823 F.3d 724, 736 (1st Cir. 2016).

For the foregoing reasons, this case is **DISMISSED WITHOUT PREJUDICE.** The MSJ at Docket No. 29 is therefore **MOOT.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of September 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
